IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

KLUG BROTHERS, INC.,

    Plaintiff,

v.

A. FOLINO CONSTRUCTION, INC.,

    Defendant.

Case No. 5:22-cv-00130
Honorable John P. Bailey

## DEFENDANT'S ANSWER AND COUNTERCLAIM

Now comes the Defendant, A. Folino Construction, Inc., by and through its undersigned counsel of record, and files this Answer to the Plaintiff's Complaint and Counterclaim against Plaintiff.

**ANSWER**

In specific answer to the allegations made within the Complaint, Defendant states as follows:

1. Defendant admits the allegations contained within paragraph 1 of the Complaint.

2. Defendant admits the allegations contained within paragraph 2 of the Complaint.

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations contained within paragraph 3(i), and the Defendant is without sufficient knowledge or information at this time to admit or deny the remaining allegations contained within paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Defendant admits that the Plaintiff's principal place of business is located at 123 Klug Lane, Moundsville, Marshall County, West Virginia 26041. However, the Defendant denies the remaining allegations contained within paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained within paragraph 5 of the Complaint.

6.      Defendant admits the allegations contained within paragraph 6 of the Complaint.

7.      Defendant admits the allegations contained within paragraph 7 of the Complaint.

8.      Defendant admits the allegations contained within paragraph 8 of the Complaint.

9.      In response to paragraph 9 of the Complaint, Defendant admits that the invoices state "net 15" under the category, "terms", but Defendant denies the remaining allegations contained within paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained within paragraph 10 of the Complaint.

11.     In response to paragraph 11 of the Complaint, Defendant admits that it received the letter attached as Exhibit C to the Complaint, but it denies the remaining allegations contained within paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained within paragraph 12 of the Complaint.

13.     Defendant denies each and every allegation of the Complaint not specifically addressed herein.

14.     Defendant denies that the Plaintiff is entitled to the relief sought in the Complaint or to any relief against this Defendant.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Defendant asserts that the Plaintiff's claims may be barred by its own breach of contract or unclean hands.

<u>Third Defense</u>

Defendant asserts that the Plaintiff's claim may be barred by its own comparative or contributory fault.

<u>Fourth Defenses</u>

Defendant asserts Plaintiff's claim may be barred, since Defendant was required to cover by purchasing other materials, following Plaintiff's own breach.

## COUNTERCLAIM

For its Counterclaim against Plaintiff, Defendant states as follows:

1. Defendant contracted with Kiewit Power Constructors Co. to perform permanent paving work on the Long Ridge Energy Generation Project located in Clarington, Ohio ("the Project").

2. Defendant purchased hot asphalt mix from Plaintiff to be used on the Project.

3. Paving was completed in May 2021.

4. Following completion of the pavement, it was noticed that the asphalt showed mix tenderness, resulting in rutting and surface damage.

5. As a result, Defendant retained an independent engineering firm to conduct an analysis of the paving.

6. The analysis, performed in August 2021, showed that the asphalt mixture had low tensile strength, which was likely the result of an unusual gap in the aggregate gradation in the fine and mineral filler range.

7. The analysis also showed that the asphalt mix was not produced in accordance with the job mix formula specified for construction.

8. The analysis showed that different aggregates or different aggregate proportions were used, resulting in a lower volume of binder than was required.

9. In short, Plaintiff produced asphalt mix that did not meet the specifications of what Defendant required and specified.

10. Plaintiff's failure to produce asphalt mix within the required specifications was both negligent and a breach of contract.

11. Plaintiff's failure to produce asphalt mix within the required specifications resulted in damage to Defendant.

12. First, Defendant was required to pay the costs of the analysis to determine the cause of damage to the pavement, a cost of $8,450.00.

13. Second, Defendant was required to pay the costs to remove the affected asphalt and replace it with asphalt, including the labor necessary to perform the work, materials to replace the affected areas, equipment to finish the pavement in the affected area, hauling, and other expenses.

14. In total, Defendant's costs and expenses to replace the asphalt in the affected area were $225,358.22.

15. Defendant has withheld payments of $170,449.66 to Plaintiff to pay the expenses it incurred as a result of Plaintiff's failure to supply asphalt mix within the required specifications.

16. However, after applying the $170,449.66 to Defendant's additional expenses, Defendant has incurred damages of $54,908.56, which it has not recovered from Plaintiff.

WHEREFORE, Defendant demands judgment in its favor on Plaintiff's claims well as judgment from Plaintiff on its counterclaim in the amount of $54,908.56.

A. FOLINO CONSTRUCTION, INC.,
By Counsel,


     /s/ Jacob A. Manning
Jacob A. Manning (W. Va. Bar No. 9694)
DINSMORE & SHOHL LLP
2100 Market Street
Wheeling, WV 26003
(304) 230-1700
(304) 230-1610 (facsimile)
jacob.manning@dinsmore.com

and

Bobby Palumbi, Esq.
DINSMORE & SHOHL LLP
1300 Six PPG Place
Pittsburgh, PA 15222
(304) 230-1700
(304) 230-1610 (facsimile)
bobby.palumbi@dinsmore.com

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

KLUG BROTHERS, INC.,

    Plaintiff,

v.                                                          Case No. 5:22-cv-00130
                                                                 Honorable John P. Bailey

A. FOLINO CONSTRUCTION, INC.,

    Defendant.

<u>CERTIFICATE OF SERVICE</u>

       This is to confirm that a copy of the foregoing *Defendant's Answer and Counterclaim* was electronically filed on May, 27 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

                                                                     /s/ Jacob A. Manning
                                                                     Jacob A. Manning